IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02389-WYD-MJW

JOHN STAUFFER,

Plaintiff(s),

v.

KAREN E. HAYES, D.O.;
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.;
PETER DUSBABEK;
TODD VRIESMAN;
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.;
J. BRADFORD MARCH III; and
MARCH, OLIVE & PHARRIS, L.L.P.,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Pro Se Plaintiff Stauffer's Motion in Limine for : 1) [sic] Right to be Represented by the Attorney of His Choice, and, Void Receiver Order, No Personal Jurisdiction, Due Process Violation Determination (docket no. 51) is **DENIED** for the following reasons.

I find that the Pro Se Plaintiff Stauffer did not comply with D.C.COLO.LCivR 7.1 Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." ***Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979***

The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)*** (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

It is not the proper function of the district court to assume the role of advocate for the pro se litigant. ***Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).***

I further find that the Pro Se Plaintiff's Motion in Limine is procedurally improper. A Motion in Limine is a "motion [request], whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." ***Luce***

***v. United States***, 469 U.S. 38, 40 at n. 2 (1984).  In this case, the Pro Se Plaintiff Stauffer's Motion in Limine does not seek to exclude or otherwise address any evidence.  Instead, such Motion in Limine seeks immediate adjudication of the merits of his claims.  Moreover, Plaintiff cites no legal authority to support the relief sought in the subject motion (docket no. 51).  For these reasons, the subject motion (docket no. 51) should be DENIED.

Date:   March 13, 2012