IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02389-WYD-MJW

JOHN STAUFFER,

Plaintiff,

v.

KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, PLLP,
PETER DUSBABEK,
TODD VRIESMAN,
MONTGOMERY KOLODNY AMATUZIO & DUSBABEK, LLP,
J. BRADFORD MARCH, III,
MARCH, OLIVE & PHARRIS, LLP,
CHRISTINE SKORBERG,
CHERYL TRINE, and
CHERYL TRINE LAW FIRM, LLC

Defendants.

---

**RECOMMENDATION ON
(1) TRINE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO 42 USC § 1983 AND PLAINTIFF'S PENDENT STATE CLAIMS (Docket No. 29),
(2) MOTION TO DISMISS (Docket No. 34) FILED BY DEFENDANTS KAREN E. HAYES, D.O. AND A WOMAN'S PLACE OF FORT COLLINS, PLLP,
(3) MOTION TO DISMISS (Docket No. 48) FILED BY DEFENDANTS PETER DUSBABEK, TODD VRIESMAN, AND MONTGOMERY KOLODNY AMATUZIO & DUSBABEK, LLP,
(4) DEFENDANTS J. BRADFORD MARCH AND MARCH, OLIVE & PHARRIS, LLC'S MOTION TO DISMISS (Docket No. 57),
(5) MOTION TO DISMISS (Docket No. 74) FILED BY DEFENDANT CHRISTINE SKORBERG.**

**ORDER ON
(6) PLAINTIFF STAUFFER'S MOTION TO VACATE MAGISTRATE MINUTE ORDER ENTERED MARCH 14, 2012 (DOCKET NO. 83),
(7) PLAINTIFF STAUFFER'S MOTION FOR STAY IN PROCEEDINGS UNTIL AFTER "PERSONAL JURISDICTINAL [SIC]" ISSUE IS RESOLVED (DOCKET NO. 84),
(8) PLAINTIFF STAUFFER'S MOTION FOR REPRESENTATION BY AN ATTORNEY OF PARTNERSHIP'S CHOICE (DOCKET NO. 85),**

**(9) PLAINTIFF STAUFFER'S MOTION FOR IMMEDIATE *SUA SPONTE*
DETERMINATION OF PERSONAL JURISDICTION ISSUE AT TIME OF STATE
COURT RECEIVER'S PROPERTY DEPRIVATION (DOCKET NO. 86),
AND
(10) PLAINTIFF'S STAUFFER'S MOTION FOR EVIDENTIARY HEARING ON
PERSONAL JURISDICTINAL [SIC] ISSUE (DOCKET NO. 88).**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Chief Judge Wiley Y. Daniel on September 14, 2011. (Docket No. 2).

**PLAINTIFFS' ALLEGATIONS**

The operative pleading is the pro se plaintiff's Verified Amended Complaint (Docket No. 5) in which plaintiff asserts the following.  On July 5, 2007, final judgment was entered in favor of defendant Karen E. Hayes, D.O. ("Hayes") and against plaintiff John Stauffer and defendant Christine Skorberg (f/k/a Christine Stauffer) ("Skorberg") in Larimer County District Case No. 03-CV-1729 (the "Underlying Case") following a jury trial.  Seven remaining third-party defendants were dismissed with prejudice from the Underlying Case on October 4, 2007.

On December 19, 2007, as part of post-judgment proceedings in the Underlying Case, defendant J. Bradford March ("March") was appointed by the court to act as a receiver.  To satisfy the judgment against plaintiff and Skorberg, March took property from the seven dismissed third-party defendants and four additional non-parties to the Underlying Case (the "Eleven Parties").  Plaintiff filed one or more motions challenging the court's appointment of the receiver including an "Emergency Motion to Vacate Order

3

Appointing Receiver" on January 7, 2008.  These challenges were denied by the court in a series of orders dated January 15, 2008, January 28, 2008, and February 15, 2008.

On February 28, 2008, plaintiff appealed the trial court's orders to the Colorado Court of Appeals.  Shortly thereafter on April 21, 2008, plaintiff also filed a case in the U.S. District Court for the District of Colorado (Case No. 08-cv-815) alleging violations of his constitutional rights stemming from the Underlying Case.  Plaintiff's federal case was dismissed under the Younger abstention doctrine due to the pendency of his state case appeal.  On February 18, 2010, the Colorado Court of Appeals affirmed the trial court's post-judgment orders.  On September 13, 2010, the Colorado Supreme Court denied plaintiff's petition for certiorari.

In the present matter, Claim One asserts violations of the 4th, 5th, and 14th Amendments and 42 U.S.C. § 1983 against all defendants excluding Cheryl Trine and Cheryl Trine Law Firm, LLC (collectively "Trine") and Skorberg.  Plaintiff asserts defendants, acting under color of law, and without first acquiring personal jurisdiction, knowingly and intentionally deprived the Eleven Parties of property without due process of law.  (Docket No. 5 at 14-15, ¶ 53).

Claim Two asserts violations of the 4th, 5th, and 14th Amendments and 42 U.S.C. § 1983 against all defendants excluding Trine and Skorberg.  Plaintiff asserts defendants, acting under color of law, knowingly and intentionally deprived the Eleven Parties of property without due process of law, thus depriving plaintiff and the Eleven Parties of their right and ability to retain an attorney in this case, the Underlying Case, and the appeal of the Underlying Case.  (Docket No. 5 at 16, ¶ 56).

Claims Three through Fifteen, inclusive, are supplemental state claims.  Claim

4

Three asserts violations of the Colorado State Constitution by all defendants excluding Skorberg and Trine. Claims Four through Fourteen, inclusive, assert claims for breach of contract, intentional interference with a contractual obligation, and nondisclosure and concealment against Skorberg and Trine. Finally, Claim Fifteen asserts a claim for civil theft against Skorberg.

**PENDING MOTIONS**

Now before the court for a report and recommendation are the following five dispositive motions**:** (1) Trine Defendants' Motion to Dismiss Plaintiff's Claims Brought Pursuant to 42 USC § 1983 and Plaintiff's Pendent State Claims (Docket No. 29); (2) Motion to Dismiss (Docket No. 34) filed by defendants Karen E. Hayes, D.O. and A Woman's Place of Fort Collins, PLLP; (3) Motion to Dismiss (Docket No. 48) filed by defendants Peter Dusbabek, Todd Vriesman, and Montgomery Kolodny Amatuzio & Dusbabek, LLP; (4) Defendants J. Bradford March and March, Olive & Pharris, LLC's Motion to Dismiss (Docket No. 57); and (5) Motion to Dismiss (Docket No. 74) filed by defendant Christine Skorberg. Plaintiff filed a response titled "Plaintiff Stauffer's Response to All Parties' Motions to Dismiss" (Docket No. 50) presumably in response to the first three motions to dismiss. Plaintiff did not file a response to the last two motions to dismiss. Each defendant other than Skorberg filed a reply. (Docket Nos. 60, 62, 63, and 67).

Also pending are the following motions filed by plaintiff: (1) Plaintiff Stauffer's Motion to Vacate Magistrate Minute Order Entered March 14, 2012 (Docket No. 83); (2) Plaintiff Stauffer's Motion for Stay in Proceedings until After "Personal Jurisdictinal [sic]"

Issue is Resolved (Docket No. 84); (3) Plaintiff Stauffer's Motion for Representation by an Attorney of Partnership's Choice (Docket No. 85); (4) Plaintiff Stauffer's Motion for Immediate *Sua Sponte* Determination of Personal Jurisdiction Issue at Time of State Court Receiver's Property Deprivation (Docket No. 86); and (5) Plaintiff's Stauffer's Motion for Evidentiary Hearing on Personal Jurisdictinal [sic] Issue (Docket No. 88).

The court has carefully considered the Verified Amended Complaint, the above-mentioned motions, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, recommendations, and orders.

There is substantial overlap between defendants' motions to dismiss. Primarily, defendants rely on the following arguments for dismissal of the federal claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6): (1) plaintiff's claims must be dismissed because he fails to allege that defendants are state actors; (2) plaintiff's claims must be dismissed under the doctrine of res judicata; and (3) plaintiff's claims must be dismissed under the Rooker-Feldman doctrine. Several defendants argue plaintiff's supplemental state claims should be dismissed under 28 U.S.C. § 1367(c)(3) if his federal claims are dismissed.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46

6

F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines

v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**ROOKER-FELDMAN DOCTRINE**

Under 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). The Rooker-Feldman doctrine stems from two United States Supreme Court cases which interpret this limitation on the review of state court judgments. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The Rooker-Feldman doctrine precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Tal v. Hogan, 453 F.3d 1244, 1255-56 (10th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus.

9

Corp., 544 U.S. 280, 284 (2005)).  Accordingly, the doctrine forecloses on "appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  Challenges brought pursuant to the Rooker-Feldman doctrine are challenges to a federal district court's subject matter jurisdiction.  Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1147 (10th Cir. 2004).  The doctrine "applies only to suits filed after state proceedings are final."  Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006).

The Rooker-Feldman doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the state court judgment.  Tal, 453 F.3d at 1256.  "A claim is inextricably intertwined if 'the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*.'"  Id. *(*quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)).  "[I]f a favorable resolution of a claim would upset a [state court] judgment, the claim is [barred under the Rooker-Feldman doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying judgment issue was not raised or addressed in the state court that handed down the judgment."  Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1140 (10th Cir. 2006).  However, if the plaintiff presents an *independent* claim, even if it denies a legal conclusion that a state court has reached, the federal district court has jurisdiction.  Id. at 1143 (citing Exxon, 544 U.S. at 1527).

Here, several defendants argue plaintiff's claims are barred by the Rooker-Feldman doctrine.  Plaintiff's response does not directly address the Rooker-Feldman

doctrine. The court agrees with defendants that plaintiff's claims are barred.

Plaintiff's claims brought in state court were final as of September 13, 2010 when his petition for certiorari was denied by the Colorado Supreme Court. Therefore, the Rooker-Feldman doctrine's requirement for finality of the state proceedings is met. See Erlandson v. Northglen Mun. Court, 528 F.3d 785, 788 n.3 (10th Cir. 2008) (noting the finality requirement was met when plaintiff filed his federal case eight days after his petition for certiorari was denied by the Colorado Supreme Court).

Plaintiff's federal claims assert violations of due process based on the contention that the state court lacked personal jurisdiction over the Eleven Parties when the receiver was appointed. More specifically, plaintiff asserts that because the state court lacked jurisdiction over the Eleven Parties, any orders entered when the court lacked jurisdiction, including most significantly the order appointing the receiver, are void. Accordingly, plaintiff argues that the receiver's taking of property was carried out without due process.

The court finds that plaintiff's federal claims are inextricably intertwined with the state court judgment. Plaintiff's claimed injury, namely the taking of property from the Eleven Parties by the receiver, flows directly from the judgment entered by the state court. The appointment of the receiver and the receiver's subsequent actions were a natural and expected consequence of the judgment entered by the state court, especially in view of the extent of the property and the accusations of fraudulent transfers. See Colo. R. Civ. P. 66(a)(2) (stating that a receiver may be appointed by the court after judgment to dispose of property according to the judgment); Jouflas v. Wyatt, 646 P.2d 946, (Colo. App. 1982) (stating that the appointment of a receiver is within the

11

sound discretion of the trial court).   Consequently, plaintiff's claimed injury is caused, actually and proximately, by the state court judgment.

It is important to note that plaintiff's claims do not challenge the constitutionality of a state law. See Tal, 453 F.3d at 1256 ("A federal case does not involve an 'inextricably intertwined' state court judgment if the complaint challenges the constitutionality of the state law . . . .").  More specifically, plaintiff does not challenge the constitutionality of a Colorado state post-judgment rule, such as the rule allowing for the appointment of a receiver.  Rather, by asserting that the receiver lacked jurisdiction over the Eleven Parties, plaintiff challenges the merit of actions taken under the rule, not the rule itself.  Accordingly, plaintiff asserts that actions inextricably intertwined with the state judgment violated his federal rights; plaintiff's claims are not independent from the state judgment.  Therefore, regardless of whether plaintiff's claims were addressed on the merits at the state level, such claims are precluded under the Rooker-Feldman doctrine.

In making this determination, the court is mindful of the holding in Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163 (10th Cir. 1998).  In Kiowa, the Tenth Circuit determined, in the context of the sovereign immunity of the appellant tribe, that a post-judgment proceeding was "separable from and collateral to" the state court judgment, and therefore not inextricably intertwined with the judgment.  150 F.3d at 1170.  At first glance, Kiowa may appear to hold that many or even all post-judgment proceedings by their very nature are not inextricably intertwined with the preceding judgment.  This, however, is not the case.

Relying heavily on Texaco, Inc. v. Pennzoil Co., 481 U.S. 1 (1987), the court

12

noted that "if the purpose of a federal action is 'separable from and collateral to' a state court judgment, then the claim is not 'inextricably intertwined' merely because the action necessitates *some* consideration of the merits of the state court judgment." Kiowa, 150 F.3d at 1170. However, the court noted that Pennzoil involved a challenge to the constitutionality of certain Texas post-judgment rules, and not a challenge to a determination made by the state court. Id. More importantly, the tribe in Kiowa was challenging the state post-judgment rules *as they related to the tribe's sovereign immunity*. In other words, the constitutionality of the post-judgment rules were challenged; the tribe did not challenge actions taken under those rules. Given the nature of the tribe's challenge, the court noted that a federal court could review the availability of a particular post-judgment rule without disturbing the underlying state judgments.. Id. at 1171.

Here, plaintiff's challenge to the trial court and receiver's jurisdiction over the Eleven Parties is not separable and collateral to the decisions made in the Underlying Case. As explained earlier, plaintiff does not argue that one of the post-judgment rules utilized in the Underlying Case is unconstitutional. Rather, plaintiff's challenge goes to actions taken under the post-judgment rules, and thus involves matters inextricably intertwined with decisions made by state courts. If the court were to consider plaintiff's arguments, the court would be forced to directly consider the merits of actions taken by the state trial court. Conversely, if plaintiff's claims were independent of the state judgment, the court would likely not be required to consider the merits of the state judgment, and even if the court was so required, the merits of the judgment would be collateral to the court's determination.

13

In addition, plaintiff previously challenged the post-judgment proceedings at the both at the state trial and appellate level. Regardless of the reasoning adopted by the trial court or the Colorado Court of Appeals in deciding against plaintiff, and regardless of whether plaintiff's jurisdictional argument was addressed on its merits, if this court were to find in favor of plaintiff in this matter, this court would necessarily have to disturb determinations made at the state level. See Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 324 (1st Cir. 2001) (discussing Kiowa and finding the plaintiff's claims were not separable and collateral when the federal court would necessarily have to disturb determinations made by the state court); See also Narragansett Indian Tribe of Okla. v. Hoover, 294 F. Supp. 2d 169, 172-73 (D.R.I. 2003) (discussing Kiowa and finding that an issue was not separable and collateral when in order to grant the relief sought by the plaintiff, the court would have to reverse a decision made by the state court). Therefore, even in view of Kiowa, plaintiff's claims are inextricably intertwined with the state judgment.

**SUPPLEMENTAL STATE CLAIMS**

Several defendants argue plaintiff's supplemental state claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) if his federal claims are dismissed. Plaintiff's response does not address this argument.

28 U.S.C. § 1367(a) grants supplemental or pendent jurisdiction to federal district courts over a plaintiff's state law claims which arise out of the same transaction or occurrence as the federal claims. However, a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims have been

dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." <u>Smith v. City of Enid ex rel. Enid City Comm'n</u>, 149 F.3d 1151, 1156 (10th Cir. 1998).

Here, because the court recommends that plaintiff's federal claims be dismissed, the court also recommends the dismissal of plaintiff's remaining state claims pursuant to 28 U.S.C. § 1367(c)(3).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Trine Defendants' Motion to Dismiss Plaintiff's Claims Brought Pursuant to 42 USC § 1983 and Plaintiff's Pendent State Claims (Docket No. 29) be **granted** insofar as it seeks dismissal of this case for lack of subject matter jurisdiction and **denied as moot** in all other respects.  It is further

**RECOMMENDED** that the Motion to Dismiss (Docket No. 34) filed by defendants Karen E. Hayes, D.O. and A Woman's Place of Fort Collins, PLLP be **granted** insofar as it seeks dismissal of this case for lack of subject matter jurisdiction and **denied as moot** in all other respects.  It is further

**RECOMMENDED** that the Motion to Dismiss (Docket No. 48) filed by defendants Peter Dusbabek, Todd Vriesman, and Montgomery Kolodny Amatuzio & Dusbabek, LLP be **granted** insofar as it seeks dismissal of this case for lack of subject matter jurisdiction and **denied as moot** in all other respects.  It is further

**RECOMMENDED** that the Defendants J. Bradford March and March, Olive & Pharris, LLC's Motion to Dismiss (Docket No. 57) be **granted** insofar as it seeks dismissal of this case for lack of subject matter jurisdiction and **denied as moot** in all

other respects. It is further

**RECOMMENDED** that the Motion to Dismiss (Docket No. 74) filed by defendant Christine Skorberg be **granted** insofar as it seeks dismissal of this case for lack of subject matter jurisdiction and **denied as moot** in all other respects. It is further

**RECOMMENDED** that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims (Claims Three through Fifteen, inclusive), and that plaintiff's complaint be **dismissed** in its entirety. It is further

**ORDERED** that Plaintiff Stauffer's Motion to Vacate Magistrate Minute Order Entered March 14, 2012 (Docket No. 83) is **denied as moot**. It is further

**ORDERED** that Plaintiff Stauffer's Motion for Stay in Proceedings until After "Personal Jurisdictinal [sic]" Issue is Resolved (Docket No. 84) is **denied as moot**. It is further

**ORDERED** that Plaintiff Stauffer's Motion for Representation by an Attorney of Partnership's Choice (Docket No. 85) is **denied as moot**. It is further

**ORDERED** that Plaintiff Stauffer's Motion for Immediate *Sua Sponte* Determination of Personal Jurisdiction Issue at Time of State Court Receiver's Property Deprivation (Docket No. 86) is **denied as moot**. It is further

**ORDERED** that Plaintiff's Stauffer's Motion for Evidentiary Hearing on Personal Jurisdictinal [sic] Issue (Docket No. 88) is **denied as moot**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

16

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: April 24, 2012          <u>s/ Michael J. Watanabe</u>
      Denver, Colorado         Michael J. Watanabe
                                        United States Magistrate Judge