IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02389-WYD-MJW

JOHN STAUFFER,

    Plaintiff,

v.

KAREN E. HAYES, D.O.;
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.;
PETER DUSBABEK;
TODD VRIESMAN;
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.;
J. BRADFORD MARCH, III;
MARCH, OLIVE, & PHARRIS, L.L.P.;
CHRISTINE SKORBERG;
CHERYL TRINE; AND
CHERYL TRINE LAW FIRM, LLC,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on the following five dispositive motions:

(1) Trine Defendants' Motion to Dismiss (ECF No. 29); (2) Defendants Karen E. Hayes, D.O. and A Woman's Place of Fort Collins, P.L.L.P.'s Motion to Dismiss (ECF No. 34); (3) Defendants Peter Dusbabek, Todd Vriesman, and Montgomery Kolodny, Amatuzio & Dusbabek, L.L.P.'s Motion to Dismiss (ECF No. 48); (4) Defendants J. Bradford March and March, Olive & Pharris, L.L.C.'s Motion to Dismiss (ECF No. 57); and (5) Defendant Christine Skorberg's Motion to Dismiss (ECF No. 74).

Also pending are the following motions filed by Plaintiff: (1) Plaintiff Stauffer's Motion to Vacate Magistrate Minute Order Entered March 14, 2012 (ECF No. 83); (2) Plaintiff Stauffer's Motion for Stay in Proceedings Until After "Personal Jurisdictinal [sic]" Issue is Resolved (ECF No. 84); (3) Plaintiff Stauffer's Motion for Representation by an Attorney of Partnership's Choice (ECF No. 85); (4) Plaintiff Stauffer's Motion for Immediate *Sua Sponte* Determination of Personal Jurisdiction Issue at Time of State Court Receiver's Property Deprivation (ECF No. 86); and (5) Plaintiff's Stauffer's Motion for Evidentiary Hearing on Personal Jurisdictinal [sic] Issue (ECF No. 88).

The matter was referred to Magistrate Judge Watanabe for a Recommendation by Order of Reference dated September 14, 2011. On April 24, 2012, Magistrate Judge Watanabe issued a Recommendation (ECF No. 91), which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Watanabe recommends therein that Defendants' various motions to dismiss be granted to the extent that Plaintiff's federal claims should be dismissed. Magistrate Judge Watanabe also recommends the dismissal of Plaintiff's remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). Magistrate Judge Watanabe advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendations. After seeking leave from the Court for an extension of time, Plaintiff filed objections to the Recommendation which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

In 2003, Plaintiff and his former wife, Dr. Christine Skorberg (f/n/a/ Christine Stauffer), sued Dr. Karen Hayes in Larimer County, Colorado based upon the dissolution of a medical partnership ("underlying state court action").  On July 5, 2007, following a jury trial, the state trial court entered a final judgment in the amount of $2.2 million in favor of Hayes and against both Stauffer and Skorberg.  On October 4, 2007, seven third-party defendants to the underlying state court action were dismissed with prejudice.  The parties dismissed with prejudice were: (1) A Woman's Place Healing Center, P.L.L.P.; (2) A Woman's Center, P.C.; (3) JCJH, Inc.; (4) Carly, L.P.; (5) Christine L.P.; (6) Lassie Dog, L.L.L.P.; and (7) A Woman's Place Medical Leasing, L.P.

On December 17, 2007, during post-judgment proceedings, the state trial court appointed a receiver, J. Bradford March, pursuant to Colo. R. Civ. P. 69.  At the same time, the trial court also issued an injunction prohibiting Stauffer and Skorberg from dealing with any assets in their names or entities in which they held an interest.

From December 19, 2007 to February 15, 2008, March took control of assets held by the seven entities that had been dismissed with prejudice to partially satisfy Hayes' judgment.  Also, March took control of assets held by four other parties who were never part of the case: the Stauffer's two minor daughters, Jasmine Stauffer and Hannah Stauffer; Colorado Medical Billing Corp.; and Christine, R.L.L.P.[1]  The property originally held by the nine entities and the Stauffer's daughters was transferred to Dr. Hayes, in partial satisfaction of the judgment entered against John Stauffer and

---

[1] The seven dismissed third-party defendants and four additional non-parties to the underlying state court action are hereinafter referred to as the "Eleven Parties".

Christine Skorberg. On February 28, 2008, all nine entities, Dr. Skorberg, and the Stauffer children transferred their entire interests in this litigation to John Stauffer.

Between January 2008 and January 2009, Plaintiff filed one or more challenges to the appointment of the receiver, which the state trial court denied in various orders. On February 28, 2008, Plaintiff appealed the trial court's orders to the Colorado Court of Appeals. Additionally, on April 21, 2008, Plaintiff filed a case in this Court, which was assigned to me, alleging various violations of his constitutional rights arising out of the underlying state court action. In an order dated March 19, 2009, I dismissed the case without prejudice finding that the Court lacked subject matter jurisdiction based on the Younger abstention doctrine due to the pendency of Plaintiff's state appeal. (Case No. 08-cv-00815-WYD-BNB, ECF No. 97). On February 18, 2010, the Colorado Court of Appeals affirmed the state trial court's post-judgment orders. On September 13, 2010, the Colorado Supreme Court denied Plaintiff's petition for certiorari. On September 12, 2011, Plaintiff commenced the instant action, which is pending before me. In this matter, Plaintiff brings fifteen claims for relief. Claims One and Two assert various constitutional violations of the 4th, 5th, and 14th Amendments and 42 U.S.C. § 1983 against all Defendants excluding Cheryl Trine, the Cheryl Trine Law Firm, L.L.C. and Skorberg. Plaintiff asserts that the Defendants knowingly and intentionally deprived the Eleven Parties of property without due process of law. Plaintiff's remaining thirteen claims are supplemental state law claims.

III.   RECOMMENDATION

Magistrate Judge Watanabe noted that in their motions, the Defendants all primarily rely on the following arguments for dismissal of Plaintiff's federal claims pursuant

to Fed. R. Civ. P. 12(b)(1) and (6): (1) Plaintiff fails to allege that Defendants are state actors; (2) Plaintiff's claims are barred by the doctrine of res judicata; and (3) Plaintiff's claims must be dismissed under the *Rooker-Feldman* doctrine. (Recommendation at 4-4-6).

A.  Standard of Review

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990). Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998). "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994). "Mere conclusory allegations of jurisdiction are not enough." *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999). Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where there is a facial attack, the court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment. *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 1950.

B. Discussion

Magistrate Judge Watanabe found that Plaintiff's claims assert violations of due process based on the argument that the state court lacked personal jurisdiction over the Eleven Parties when the receiver was appointed. Accordingly, Magistrate Judge Watanabe recommends that Defendants' motions to dismiss be granted because Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Magistrate Judge Watanabe also recommends that since Plaintiff's federal claims should be dismissed, the remaining state claims should also be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

The *Rooker-Feldman* doctrine "operates as a subject-matter jurisdictional bar that may be raised at any time." *Guttman v. Khalsa*, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005). The *Rooker-Feldman* argument presents a factual challenge to this Court's subject matter jurisdiction. As such, Magistrate Judge Watanabe did not presume the truth of the factual allegations in Plaintiff's Verified Amended Complaint. *Holt*, 46 F.3d at 1003. Instead, he had wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. *Id.*

The *Rooker-Feldman* doctrine is a jurisdictional prohibition based on 28 U.S.C. § 1257 which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to bar "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). In other words, it applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Magistrate Judge Watanabe initially found that Plaintiff's claims brought in state court were final as of September 13, 2010 when Plaintiff's petition for certiorari was denied by the Colorado Supreme Court. Thus, the *Rooker-Feldman* doctrine's

requirement for finality of the state proceedings is satisfied.  (Recommendation at 10).

Second, Magistrate Judge Watanabe thoroughly explained that Plaintiff's "federal claims are inextricably intertwined with the state court judgment.  Plaintiff's claimed injury, namely the taking of property from the Eleven Parties by the receiver, flows directly from the judgment entered by the state court." (Recommendation at 10).  "The appointment of the receiver and the receiver's subsequent actions were a natural and expected consequence of the judgment entered by the state court, especially in view of the extent of the property and the accusations of fraudulent transfers." (Recommendation at 10).  Magistrate Judge Watanabe went on to clarify that Plaintiff "does not challenge the constitutionality of a Colorado state post-judgment rule, such as the rule allowing for the appointment of a receiver.  Rather, by asserting that the receiver lacked jurisdiction over the Eleven Parties, plaintiff challenges the merit of actions taken under the rule, not the rule itself." (Recommendation at 11).  Magistrate Judge Watanabe concluded that these claims are precisely the type barred by *Rooker-Feldman*. Thus, he recommends dismissal of Claims One and Two.

On May 16, 2012, Plaintiff filed an objection to Magistrate Judge Watanabe's Recommendation.  In his objection, Plaintiff argues that Magistrate Judge Watanabe erred on six primary grounds: (1) the *Rooker-Feldman* doctrine does not apply to void judgments; (2) Plaintiff's claims are not intertwined with the state court proceedings, thus they are not subject to the *Rooker-Feldman* doctrine; (3) Magistrate Judge Watanabe should have granted Plaintiff's motion in limine, which requested an immediate dispositive ruling on his claims; (4) the state court deprived Plaintiff of his right to counsel; (5) the state court's actions were barred by claim preclusion; and (6)

Plaintiff incorporates his briefing from the various state court proceedings. (Objection at at 10-12).

1. Objections One and Two

After carefully reviewing the record in this matter, I find that Plaintiff's arguments raised in his first two objections regarding the *Rooker-Feldman* doctrine are new and have never been raised before. In the motions to dismiss, several Defendants raised the argument that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. However, Magistrate Judge Watanabe noted that "Plaintiff's response does not directly address the *Rooker-Feldman* doctrine." (Recommendation at 9).

Now, in his objection, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply to this case because the state court judgments were void for various reasons. Plaintiff also argues that Magistrate Judge Watanabe erred in finding that his claims are inextricably intertwined with the state court judgment. Plaintiff claims that "only the void . . . judgment was intertwined with the state court's only valid judgment entered." (Objection at 14).

Based on my review of the relevant record including the Verified Amended Complaint, I find that Plaintiff filed this action seeking to overturn or invalidate the state court's post-trial orders, arguing that the state court lacked jurisdiction over the Eleven Parties. Plaintiff contends that any order entered when the state court lacked jurisdiction, including the order appointing the receiver, is void. Thus, the receiver's taking of property was carried out without due process. (Objection at 10-15). I agree with Magistrate Judge Watanabe that Claims One and Two directly challenge the validity of the state court actions. Thus, I find that Magistrate Judge Watanabe properly

concluded that these claims are barred by the *Rooker-Feldman* doctrine. Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations (citations omitted). Thus, I find that Plaintiff has waived his right to make new arguments in his objection, and they are overruled.

2. Remaining Objections

In his third objection, Plaintiff claims that Magistrate Judge Watanabe should have immediately adjudicated his claims, as requested in his motion in limine. However, as I previously found, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, therefore, Magistrate Judge Watanabe does not have subject matter jurisdiction to rule on such motions.

Plaintiff's remaining objections raise various challenges related to the underlying state court action including Plaintiff's argument that is entitled to counsel, which was both considered and rejected by the state court. Plaintiff also argues that Magistrate Judge Watanabe should have applied claim preclusion to invalidate the state court's order. However, I overrule these objections pursuant to the *Rooker-Feldman* doctrine. Because *Rooker-Feldman* is a jurisdictional doctrine, neither Magistrate Judge Watanabe nor I can consider these challenges. I agree with Magistrate Judge Watanabe that "[i]f the court were to consider plaintiff's arguments, the court would be forced to directly consider the merits of actions taken by the state trial court." (Recommendation at 12).

Finally, I note that Plaintiff raised no objections to the portion of Magistrate Judge Watanabe's Recommendation that his supplemental state claims be dismissed pursuant

to 28 U.S.C. § 1367(c)(3). No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review that portion of the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Watanabe's Recommendation is thorough, well reasoned and sound. I agree with Magistrate Judge Watanabe that Defendants' motions to dismiss should be granted for the reasons stated in both the Recommendation and this Order.

IV.     CONCLUSION

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Watanabe (ECF No. 91) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

FURTHER ORDERED that the Trine Defendants' Motion to Dismiss Plaintiff's Claims Brought Pursuant to 42 USC § 1983 and Plaintiff's Pendent State Claims (ECF No. 29) is **GRANTED** to the extent that it seeks dismissal of this case for lack of subject

---

[2] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo

matter jurisdiction and is **DENIED AS MOOT** in all other respects.  It is

FURTHER ORDERED that Defendants Karen E. Hayes, D.O. and A Woman's Place of Fort Collins, P.L.L.P.'s Motion to Dismiss (ECF No. 34) is **GRANTED** to the extent that it seeks dismissal of this case for lack of subject matter jurisdiction and is **DENIED AS MOOT** in all other respects.  It is

FURTHER ORDERED that Defendants Peter Dusbabek, Todd Vriesman, and Montgomery Kolodny Amatuzio & Dusbabek, L.L.P.'s Motion to Dismiss (ECF No. 48) is **GRANTED** to the extent that it seeks dismissal of this case for lack of subject matter jurisdiction and is **DENIED AS MOOT** in all other respects.  It is

FURTHER ORDERED that Defendants J. Bradford March and March, Olive & Pharris, L.L.C.'s Motion to Dismiss (ECF No. 57) is **GRANTED** to the extent that it seeks dismissal of this case for lack of subject matter jurisdiction and is **DENIED AS MOOT** in all other respects.  It is

FURTHER ORDERED that Defendant Christine Skorberg's Motion to Dismiss (ECF No. 74) is **GRANTED** to the extent that it seeks dismissal of this case for lack of subject matter jurisdiction and is **DENIED AS MOOT** in all other respects.  It is

FURTHER ORDERED that I decline to exercise supplemental jurisdiction over Plaintiff's state law claims (Claims Three through Fifteen, inclusive).  Thus, Plaintiff's complaint is **DISMISSED** in its entirety.

Accordingly, in light of my findings in this Order, I affirm and find no error with the following orders entered by Magistrate Judge Watanabe:

---

review, Red. R. Civ. P. 72(b).

It is ORDERED that Plaintiff Stauffer's Motion to Vacate Magistrate Minute Order Entered March 14, 2012 (ECF No. 83) is **DENIED AS MOOT**. It is

FURTHER ORDERED that Plaintiff Stauffer's Motion for Stay in Proceedings until After "Personal Jurisdictinal [sic]" Issue is Resolved (ECF No. 84) is **DENIED AS MOOT**. It is

FURTHER ORDERED that Plaintiff Stauffer's Motion for Representation by an Attorney of Partnership's Choice (ECF No. 85) is **DENIED AS MOOT**. It is

FURTHER ORDERED that Plaintiff Stauffer's Motion for Immediate *Sua Sponte* Determination of Personal Jurisdiction Issue at Time of State Court Receiver's Property Deprivation (ECF No. 86) is **DENIED AS MOOT**. It is

FURTHER ORDERED that Plaintiff's Stauffer's Motion for Evidentiary Hearing on Personal Jurisdictinal [sic] Issue (ECF No. 88) is **DENIED AS MOOT**.

Dated: August 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge