IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02389-WYD-MJW

JOHN STAUFFER,

      Plaintiff,

v.

KAREN E. HAYES, D.O.;
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.;
PETER DUSBABEK;
TODD VRIESMAN;
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.;
J. BRADFORD MARCH, III;
MARCH, OLIVE, & PHARRIS, L.L.P.;
CHRISTINE SKORBERG;
CHERYL TRINE; AND
CHERYL TRINE LAW FIRM, LLC,

      Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on Plaintiff Stauffer's Rule 59, FRCP (ECF No. 131), filed August 21, 2012, and Plaintiff's Rule 60(b)(4) and (d)(1) "Void Order" Motion (ECF No. 134), filed September 4, 2012.  For reasons set forth below, the motions are denied.

    By way of background, I note that on August 8, 2012, I issued an Order affirming and adopting Magistrate Judge Watanabe's Recommendation dismissing this case for lack of subject matter jurisdiction.  Specifically, I affirmed Magistrate Judge Watanabe's Recommendation that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

(ECF. 126, Order).  The Recommendation (ECF No. 91) and my Order (ECF No. 126)

both include a detailed recitation of the procedural and factual background of this case.

The information contained in those orders is incorporated herein by reference.  On

August 20, 2012, the Clerk of this Court entered judgment in favor of the Defendants.

II.     <u>PENDING MOTIONS</u>

    A.     <u>Plaintiff Stauffer's Rule 59, FRCP (ECF No. 131)</u>

    In this motion, Plaintiff seeks to alter or amend the final Judgment based on

purported errors of law.  Specifically, Plaintiff seeks to correct his own errors made in

his prior pleadings along with making the following assertions: (1) the *Rooker-Feldman*

doctrine does not apply to void judgments; (2) the state court deprived him of his right to

counsel; and (3) the Magistrate Judge erred in failing to follow this Court's governing

rules.

    Under Fed. R. Civ. P. 59(e), there are three grounds that justify reconsideration:

(1) an intervening change in the controlling law; (2) the availability of new evidence; and

(3) the need to correct clear error or prevent manifest injustice.  *Brunswick v. Brumark*

*Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

    Based on my review of the relevant pleadings, I find that Plaintiff has failed to set

forth a proper basis for relief under Rule 59(e).  The Plaintiff has provided me with no

new evidence or recently promulgated authority to merit the reconsideration of my

Further, he has not identified a clear error or manifest injustice that warrants correction

this Court.  Rather, Plaintiff simply contends that Magistrate Judge Watanabe and I

wrong in dismissing his Complaint without prejudice for the same reasons he argued

previously.  A disagreement between the Court and the litigant and merely requesting

that a court rethink a decision it has already made are clearly improper bases for relief under Rule 59(e).  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (in a Rule 59(e) motion, it "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").  I find that the *Rooker-Feldman* doctrine is applicable in this case and Magistrate Judge Watanabe correctly recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.  Thus, Plaintiff's Rule 59 motion is denied.

    B.    <u>Plaintiff's Rule 60(b)(4) and (d)(1) "Void Order" Motion (ECF No. 134)</u>

In this motion, Plaintiff requests that I "declar[e] that all state court judgments entered after November 5, 2007 … are *void ab initio* for lack of *subject matter* and *personal* jurisdiction over them …."  (ECF No. 134) (emphasis in original).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete*, 204 F.3d at 1009.  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."  *Van Skiver*, 952 F.2d at 1243-44.  Rule 60(b)(1) permits a court to set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect."  As to 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'"  *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)), *cert.* 121 S. Ct. 2520 (2001).  Rule 60(b)(5) authorizes the Court to relieve a party from a order or judgment "where it is no longer equitable that the judgment should have prospective application."  Finally, Rule 60(b)(6) provides that, "[o]n motion and upon

-3-

such terms as are just, the court may relieve a party or a party's legal representative a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. United States* , 952 F.2d 1241, 1244 (10th Cir. 1991) (quotation and internal quotation marks omitted). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).

Here, Plaintiff requests relief under Rule 60(b)(4).  I find that subpart (b)(4) does not apply because this Court had authority to enter the orders dismissing Plaintiff's Complaint without prejudice. *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)), *cert. denied*, 121 S. Ct. 2520 (2001) (Per Rule 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'").  Therefore, Plaintiff will prevail in the instant motion only if he can demonstrate unusual and highly extra extraordinary circumstances sufficient to justify relief under subpart (b)(6).  "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).  Extraordinary circumstances have been found to exist when, after the entry of the judgment, enforcement of the judgment was made inequitable by events not contemplated by the moving party. *Id.*; *see also LeBlanc v. Cleveland*, 248 F.3d 95, (2nd Cir. 2001) (extraordinary circumstances were demonstrated under Rule 60(b)(6) where the plaintiff would be left without a remedy due to the running of the

-4-

of limitations).  The District Court has substantial discretion in a Rule 60(b)(6) motion. *Cashner*, 98 F.3d at 580.  In this motion, Plaintiff reasserts arguments that were already rejected by both the Magistrate Judge and me.  Thus, in these circumstances, I do not find any extraordinary justification for Plaintiff's request.

Plaintiff also requests that I set aside the judgment pursuant to Fed. Civ. P. 60(d)(1).  Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding."  Fed. R. Civ. P. 60(d).  The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998).  Here, I cannot find that this case risks a grave miscarriage of justice.  I dismissed Plaintiff's action without prejudice for lack of subject matter jurisdiction.  Even under the most liberal consideration of Plaintiff's motion, I find no merit to the requested relief.

III.    CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff Stauffer's Rule 59, FRCP (ECF No. 131), filed August 21, 2012, and Plaintiff's Rule 60(b)(4) and (d)(1) "Void Order" Motion (ECF No. 134), filed September 4, 2012, are **DENIED.**

Dated:  September 26, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge